# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JOSEPH DEVON JACKSON, on Behalf of Himself and All Others Similarly Situated,** | CASE NO. |
| Plaintiff, | |
| vs. | JURY TRIAL DEMANDED |
| **OLDCASTLE APG, INC. aka OLDCASTLE SERVICES, INC., a Delaware Corporation,** | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Now comes the Plaintiff, Joseph Devon Jackson ("Jackson") on behalf of himself and all other similarly situated individuals and for his Class Action Complaint alleges the following claims:

## NATURE OF THE ACTION

1.     This class action seeks remedies under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") on behalf of consumers who were the subject of consumer reports used by Defendant, Oldcastle APG, Inc. aka Oldcastle Services, Inc. ("Oldcastle") for employment purposes during the period prescribed by 15 U.S.C. § 1681p preceding the filing of the Initial Complaint and

1

during its pendency (the "Class Period").

## PARTIES

2.      Jackson is and has been a resident of Maricopa County, Arizona, and is a consumer as defined by 15 U.S.C. § 1681a.

3.      Oldcastle is a Delaware Corporation headquartered in Atlanta, Georgia.

4.      Further, Oldcastle is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6.      Venue is proper in the Northern District of Georgia because Oldcastle is subject to personal jurisdiction in this District, maintains a place of business in this District, and make employment decisions regarding individuals residing in this District. 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

7.      Like thousands of employers across the United States, Oldcastle uses consumer reports to evaluate applicants' eligibility for employment.

8.      Because of the sensitive personal data contained in consumer

reports, employers are mandated by the FCRA to adhere to conditions, procedures, and limitations on the procurement and use of consumer data.

9.    Specifically, 15 U.S.C. § 1681b(b)(3)(A) requires that employers provide the applicant with a copy of the consumer report together with a written description of the consumer's rights authored by the Consumer Financial Protection Bureau *before* delaying or denying employment based in whole or in part on the consumer report.

10.    Oldcastle altogether failed to comply with this fundamental FCRA obligation as illustrated by Jackson's experience.

## JACKSON'S EMPLOYMENT EXPERIENCE

11.    Jackson applied for a janitor position with Oldcastle in October 2017.

12.    When applying for the position Jackson fully disclosed to Oldcastle all prior criminal history.

13.    With the knowledge of Jackson's prior criminal history, Oldcastle scheduled him for an interview on November 10, 2017. Mr. Jackson self-disclosed a criminal conviction and was assured by Oldcastle that it would not be at issue.

14.    Thereafter, on November 13, 2017, Jackson was directed by an Oldcastle representative to complete an online application.

4850-2579-6526, v. 3

15.     On that same day, Oldcastle engaged Universal Background Screening, a consumer reporting agency, to provide a consumer report, which included public record information purportedly regarding Jackson (the "Report").

16.     Following the submission of his application, Jackson was asked by the Oldcastle representative what shift he preferred and advised that the background check should be completed soon.

17.     The information provided to Oldcastle by Universal Background Screening included adverse public information pertaining to Jackson.

18.     Consumer reporting agencies traffic in the reputations of job applicants by purchasing public records data from various sources and compiling the information into a separate database used to generate consumer reports for a fee upon request.

19.     Consumer reporting agencies often make this information available to employers *instantly* online, and rarely provide contemporaneous notice to job applicants that adverse public record information has been shared with a prospective employer.

20.     In or around December 2017, an Oldcastle human resource manager sent via text message to Jackson news that his employment with Oldcastle was rescinded because of information contained in his background check report.

21.     At no time prior to denying him employment, did Oldcastle provide

4

Jackson with a copy of his background report or a written summary of his rights under the FCRA.

22.    Moreover, Jackson specifically requested a copy of his consumer report because he had previously been the victim of inaccurate reporting of his criminal history on background checks.

23.    It was not until January 4, 2018 that Jackson received a copy of his report.

## ALLEGATIONS AS TO THE COMMON QUESTIONS

24.  Upon information and belief, Oldcastle has purchased consumer reports from consumer reporting agencies for the last five (5) years, which are used as a basis to take adverse action against job applicants.

25.  Oldcastle purchases these consumer reports after determining that applicants are otherwise qualified for employment.

26.  Uniformly, Oldcastle does not provide pre-adverse action notice to job applicants, including a copy of the applicants' consumer report and a statement of the applicants' rights as required by 15 U.S.C. § 1681b(b)(3) *before* making a decision regarding their employment.

27.  Oldcastle' violations of the FCRA have been willful, wanton and reckless in that Oldcastle knew, or reasonably should have known, that they were failing to comply with the requirements of the FCRA.

5

28. The specific requirements of 15 U.S.C. § 1681b(b)(3) have been the subject of numerous federal district court and appellate court decisions. *See e.g. Robertson v. Allied Sols., LLC*, 902 F.3d 690 (7th Cir.2018). Moreover, these requirements have been the subject of numerous FTC staff opinions authored over the last 15 years.

29. Simply put, Oldcastle had actual knowledge of its FCRA obligations and failed to comply accordingly.

30. Moreover, regulatory guidance provided by the FTC has explained the FCRA's requirements under 15 U.S.C. § 1681b(b)(3).

31. Such FTC staff opinions originate in 1997 and were publicly available to Oldcastle.

32. Title 15 U.S.C. §1681n(a) permits a consumer to recover statutory and punitive damages, along with attorney fees and costs for willful violations of the FCRA.

## CLASS ACTION ALLEGATIONS

33. Pursuant to Fed. R. Civ. P. 23, Jackson brings this action on behalf of the Class initially defined below:

> All natural persons residing in the United States who applied a position not regulated by the Department of Transportation with Oldcastle for whom Oldcastle denied or delayed employment based in whole or in part on a consumer report without first providing the consumer with a copy of the consumer report and written summary of

the consumer's rights under the FCRA during the five-year period preceding the filing of this action and during its pendency.

34.  Jackson reserves the right to amend the definition of the Class based on discovery or legal developments.

35.  **Numerosity. Fed. R. Civ. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief, Oldcastle requests thousands of consumer reports on employment applicants each year, and those persons' names and addresses are identifiable through documents maintained by Oldcastle.

36.  **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2)**. Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Oldcastle fails to provide pre-adverse action notice to job applicants, including a copy of the applicants' consumer report and a statement of the applicants' rights before making a decision regarding their employment and whether Oldcastle acted willfully or negligently in disregard of the rights of consumers.

37.  **Typicality. Fed. R. Civ. P. 23(a)(3).** Jackson's claims are typical of the claims of each Class member. Jackson has the same or similar claims for

4850-2579-6526, v. 3

statutory and punitive damages that he seeks for absent class members.

38. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Jackson is an adequate representative of the Class. His interests are aligned with and are not antagonistic to the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Jackson and his counsel will fairly and adequately protect the interests of members of the Class.

39. **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Oldcastle's conduct. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Oldcastle's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing

8

the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## COUNT ONE — CLASS CLAIM

## FAILURE TO PROVIDE PRE-ADVERSE ACTION NOTICE
## 15 U.S.C. § 1681b(b)(3)(A)

40. Jackson and the Class members re-allege and incorporate by reference all preceding allegations of law and fact.

41. Oldcastle willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Jackson and the Class members before taking adverse action that was based in whole or in part on that report.

42. Oldcastle willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide a copy of the summary of rights required by this section to Jackson and the Class members before taking adverse action that was based in whole or in part on a consumer report.

43. Jackson and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

44. Jackson and the Class members also seek unliquidated punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

4850-2579-6526, v. 3

45.  Further Jackson and the Class members seek attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

46.  Alternatively, Oldcastle's violations were negligent, and Jackson seeks issue certification based on Oldcastle' negligence under Fed. R. Civ. P. 23(c)(4).

**WHEREFORE,** Jackson and the Class members respectfully pray for the following relief:

A.  An order certifying the proposed class herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned as class counsel;

B.  Judgment against Oldcastle for statutory and punitive damages pursuant to 15 U.S.C. § 1681n;

C.  Alternatively, in accordance with Fed. R. Civ. P. 23(c)(4), an order certifying the Class on the issue that Oldcastle's conduct was negligent pursuant to 15 U.S.C. § 1681o;

D.  Attorneys' fees, expenses and costs; and

E.  Such other relief as may be just and proper.

## <u>JURY DEMAND</u>

Plaintiff Joseph Devon Jackson and the Putative Class Members demand a trial by a jury as to all issues presented herein.

SIGNATURES ON FOLLOWING PAGE

4850-2579-6526, v. 3

Respectfully submitted,

SKAAR & FEAGLE, LLP

by:    /s/ Kris Skaar
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
Tel:    (770) 427-5600

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
Tel:    (404) 373-1970

O'TOOLE, McLAUGHLIN, DOOLEY &
PECORA CO., LPA
Matthew A. Dooley        (OH 0081482)
5455 Detroit Road
Sheffield Village, Ohio  44054
Tel:            (440) 930-4001
Facsimile:    (440) 930-7208
Email:          mdooley@omdplaw.com

GORSKI LAW, PLLC
Greg Gorski, Esquire
1635 Market Street, Suite 1600
Philadelphia, PA 19103
Tel:            (215) 330-2100
Email:          greg@greggorskilaw.com
*Counsel for Plaintiff and the Putative Class*

4850-2579-6526, v. 3